# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE A. MYLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-573 CAS |
| ) | |
| DIERBERG'S MARKETS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**Rule 45 Subpoenas**

This matter is before the Court on pro se plaintiff George A. Myles' Memorandum for Clerk which requests leave of Court to issue and serve four subpoenas *duces tecum* for the production of certain specified documents under Rule 45, Federal Rules of Civil Procedure. The Court construes this document as a motion for leave to issue and serve subpoenas. The motion will be denied because no leave of Court is required and plaintiff is responsible for obtaining service, but the Clerk of the Court will be directed to sign the subpoenas and return them to plaintiff for service.

*i. Proper Court for Issuance*

The Court notes that two of the subpoenas *duces tecum* submitted by plaintiff are directed to individuals or entities located outside of this district. Rule 45(a)(2)(C), Fed. R. Civ. P., provides that subpoenas for the production or inspection of documents are to issue "from the court for the district where the production or inspection is to be made." Courts have held that this geographic limitation relates to the location of the documents to be produced, rather than the location specified on the subpoena for production. See, e.g., Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 2 F.3d 1397, 1406 (5th Cir. 1993) ("[A] federal court sitting in one district cannot issue a

subpoena duces tecum to a non-party for the production of documents located in another district.");
Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374, 380-381 (W.D. Pa. 2005) ("a nonparty can only be compelled by an issuing court to produce documents within certain geographic limitations, usually no more than 100 miles from the nonparty's location.") (quoted case omitted); Crafton v. U.S. Specialty Ins. Co., 218 F.R.D. 175, 177 (E.D. Ark. 2003) (denying motion to compel compliance with subpoena issued in Arkansas for production of documents located in Wisconsin). Under this authority, a Rule 45 subpoena *duces tecum* issued from this Court for the production of documents located in other districts would be invalid.

    *ii. Service of Subpoenas Under Rule 45*

  To the extent plaintiff's motion requests that the Court serve the subpoenas *duces tecum* on the non-parties, it should be denied. Under Rule 45, plaintiff is responsible for obtaining proper service of the subpoenas on the non-parties. Rule 45(b)(1) requires that service be made by "delivering a copy" of the subpoena to the named person.[1] "When a non-party is served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served." Firefighters' Institute for Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001). The Eighth Circuit Court of Appeals has held that although Rule 45(b)(1) may allow service by other than personal delivery, it is not broad enough to include delivery by either "fax or regular mail because the court cannot be assured that delivery has occurred." Id.

---

[1] Rule 45(b)(1) prohibits a person who is a party to the action from serving a subpoena.

### iii. Prior Notice Required

Plaintiff is cautioned that before a Rule 45 subpoena *duces tecum* is served, the party issuing the subpoena must serve each party to the action with a notice that the subpoena will be issued. See Rule 45(b)(1). Failure to comply with the prior notice requirement could result in the imposition of sanctions, including the exclusion of any evidence produced or the imposition of monetary sanctions. See 9 James Wm. Moore, et al., Moore's Federal Practice, § 45.21[3][a] (3d ed. 2009).

**Personal Data Identifiers**

The Court notes that the attachments to plaintiff's subpoenas contain social security numbers. Plaintiff is advised that under the E-Government Act of 2002 and Eastern District of Missouri Local Rule 2.17, parties are to refrain from including in filed documents, or shall partially redact where inclusion is necessary, personal data identifiers including Social Security numbers. Only the last four digits of a Social Security number may be listed in a court filing.[2] See E.D. Mo. Local Rule 2.17(A)(1). In the future, plaintiff's filings shall comply with the Local Rules. A pro se litigant is not excused from complying with court orders or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Memorandum for Clerk, construed as a Motion for Leave to Issue and Serve Subpoenas, is **DENIED**. [Doc. 43]

---

[2]There is no prohibition against plaintiff's inclusion of Social Security numbers on the attachments to his Rule 45 subpoenas, and such inclusion may be necessary in order to obtain the documents requested. Such information should not be filed with the Court, however, unless it has first been redacted. The Clerk of the Court has redacted the personal data identifiers from the documents attached to plaintiff's motion for leave.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall sign and return the four subpoenas to plaintiff.

　　　　　　　　　　　　　　　　　　　　CHARLES A. SHAW
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated this  22nd  day of October, 2009.