# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

GEORGE A. MYLES,           )
                                )
         Plaintiff,           )
                                )
      v.                       )           No. 4:09-CV-573 CAS
                                )
DIERBERG'S MARKETS, INC., et al.,     )
                                )
         Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to compel filed by pro se plaintiff George A. Myles. The motion will be denied without prejudice.

This Court's Local Rule 3.04(A) provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred **in person or by telephone** with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. **This statement also shall recite the date, time and manner of such conference**, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

Local Rule 3.04(A) (emphasis added).

The local rules of a district court have the force of law, and the parties are charged with knowledge of the local rules the same as with knowledge of the Federal Rules of Civil Procedure and all federal law. Jetton v. McDonnell Douglas, 121 F.3d 423, 426 (8th Cir. 1997). The requirements of the Local Rules apply to parties representing themselves, such as plaintiff.

Plaintiff submitted a "certification" in support of his motion to compel which states that "he in good faith has conferred with Dierberg's Defense Counsel Kristen Maly in an effort to obtain

discovery of the two interrogatories." The memorandum in support of the motion to compel states that plaintiff "has conferred and attempted to resolve, through interrogatories submitted under FRCP Rule 33, and further, through correspondence with Defendant Dierberg's Defense Counsel, Kristen Maly," answers to the interrogatories. A letter is insufficient to comply with Local Rule 3.04(a), which requires a conference to occur in person or by telephone. Further, Rule 3.04(a) requires the moving party to specify the date, time and manner of the conference, which plaintiff has failed to provide. Plaintiff's submission of the interrogatories to the defendant cannot constitute an effort to resolve the dispute.

As a result of plaintiff's failure to comply with Local Rule 3.04(A), the Court will not consider the instant motion and will deny the same without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to compel is **DENIED without prejudice**. [Doc. 62]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this   19th   day of November, 2009.