UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE A. MYLES, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV573 JCH |
| ) | |
| DIERBERG'S MARKETS, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**ORDER**

This matter is before the Court upon Defendant Convergys Corporation's Motion to Dismiss, or Alternatively for More Definite Statement. (Doc. No. 64). This matter is fully briefed and ready for disposition.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

In his Amended Complaint (Doc. No. 36), Plaintiff alleges that "Defendants Dierbergs Markets, Inc., Convergys and Omni Cart Systems, in violation of [Fair Credit Reporting Act] FCRA §615 in toto [15 U.S.C. §1681m] took adverse action as defined in these statutes and failed to notify Plaintiff as required by these statutes." (Amended Complaint ("Compl."), ¶ IV(3)). Convergys asserts that Plaintiff fails to state a claim upon which relief can be granted because the Amended Complaint does not contain any factual allegations showing Plaintiff is entitled to relief under the FCRA. (Memorandum in Support of Defendant Convergys Corporation's Motion to Dismiss, or Alternatively for More Definite Statement ("Memorandum in Support"), Doc. No. 65, p. 2). Specifically, Defendant complains that Plaintiff has not identified the "adverse action" that Convergys took with respect to Plaintiff. In response, Plaintiff states that Convergys denied Plaintiff employment based "in whole or in part on information, specifically public records, contained in Plaintiff's consumer report." (Memorandum in Support of Plaintiff George A. Myles Motion in Opposition to Defendant Convergys Corporations Motion to Dismiss ("Response"), Doc. No. 66-2, ¶¶ 3-5). Further, Plaintiff claims that Convergys did not notify Plaintiff that it denied Plaintiff employment based upon his consumer report, in violation of the FCRA. (Response, ¶ 6).

The Court finds that this *pro se* Plaintiff sufficiently states a claim for relief under the Twombly standard. Although not the model of clarity, Plaintiff has provided enough information to notify Convergys of the factual bases of his claims. Plaintiff pled that Defendants TransUnion, LLC, Equifax Information Services, Inc. and CSC Credit Services released "inaccurate/erroneous information" that Defendants knew would likely "have an adverse impact on Plaintiff's ability to

secure employment." (Compl., ¶ IV(1)). Plaintiff further alleged that Convergys took the "adverse action" and "failed to notify Plaintiff as required by these statutes." (Compl., ¶ IV(3)).[1] Thus, from the pleadings, Convergys should be on notice that the "adverse action" was that Convergys failed to hire Plaintiff. The Court finds no basis to dismiss Plaintiff's Complaint against Convergys. For the same reasons, the Court does not believe that Plaintiff should be required to provide a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Convergys Corporation's Motion to Dismiss, or Alternatively for More Definite Statement (Doc. No. 64) is **DENIED**.

Dated this 30th day of December, 2009.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE

---

[1] 15 U.S.C. § 1681m(a) provides that users who take adverse actions on the basis of information in consumer reports must provide notice of the adverse action to the consumer.